IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY G. MILLER, | NO. C 02-04748 JW |
| Plaintiff(s), | **SCHEDULING ORDER** |
| v. | |
| PIXAR ANIMATION STUDIOS, INC., et al., | |
| Defendant(s). | |

On June 13, 2005, the Court conducted a case management conference in the above-entitled matter with regard to discovery relating to damages. Accordingly, the parties are ordered to comply with the following schedule:

A. <u>Compliance with Discovery Plan and Reference to Magistrate Judge</u>

1. Any disputes with respect to the implementation of the discovery plan and all disclosure or discovery disputes are referred to the assigned Magistrate Judge, Magistrate Judge Patricia Trumbull.

B. <u>Disclosure of Damages Expert Witnesses</u>

2. Any party wishing to present expert witness testimony with respect to damages shall lodge with the Court and serve on all other parties the name, address, qualifications, and résumé of the damages expert on or before August 26, 2005. The written report of the damages expert which complies with Fed.R.Civ.P. 26(a)(2)(B) must be lodged with the Court and served on all other parties on or before September 23, 2005.

3. Damages expert witness disclosure must be made with respect to a person who is either (a)

specially retained or specially employed to provide expert testimony pursuant to Fed.R.Evid. 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

    4. The parties are also required to lodge any supplemental reports to which any expert will testify at trial in accordance with Fed.R.Civ.P. 26(a)(2)(B).

    5. Any party objecting to the qualifications or proposed testimony of a damages expert must file, serve and notice a motion to exclude the damages expert or any portion of the damages expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than December 19, 2005 at 9:00 a.m.

### C. Rebuttal Damages Expert Witnesses

    6. If the testimony of the damages expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal damages expert shall make the disclosures required by Fed.R.Civ.P. 26(a)(2)(B), no later than October 21, 2005.

### D. Limitation on Testimony by Expert Witnesses

    7. Unless the parties enter into a written stipulation otherwise, upon timely objection, a damages expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition. Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

### E. Close of Discovery

    8. The parties have stipulated to a date for close of all pre-trial discovery. Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure, depositions of expert witnesses, must be completed by November 11, 2005.

### F. Last date for Hearing Dispositive Motions

    9. The last day for hearing dispositive motions is December 12, 2005 at 9:00 a.m. Any

motions must be noticed in accordance with the Local Rules of this Court.

G. <u>Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order</u>

10. The attorneys who will try the case are ordered to confer with one another and to file and lodge with Chambers on December 23, 2005, a Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their readiness for trial, the amount of time which the Court should allocate for trial and the calendar period for the trial. Ordinarily, depending on the length of the trial the Court will set the trial during a calendar period approximately three to four months after the Preliminary Pretrial and Trial Setting Conference. In the Statement discussed in this paragraph, the parties should show any cause why the case should be advanced or delayed beyond this period.

11. The attorneys who will try the case are ordered to appear on January 9, 2006 at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

12. With respect to the time allocation for trial, at the Preliminary Pretrial and Trial Setting Conference trial counsel will be asked to stipulate to a time allocation to each side for the trial of the case. Once a stipulated allocation has been entered, the parties must plan their presentations to conform to the stipulated time allocation.

13. With respect to the calendar period for trial, based on the time allotted to the case, a calendar period for trial will be set. In the event it becomes necessary to delay the start of trial because of the Court's calendar, the commencement date will trail from day-to-day until the other matter is concluded or further order of court.

H. <u>Alternative Dispute Resolution</u>

14. The parties have agreed to attempt to settle this matter through private mediation. The parties shall notify the Court in writing of their selection of a mediator no later than August 31, 2005.

//
//
//
//
//

3

None of the dates set in this order may be changed without an order of the court made after a motion is duly filed and made pursuant to the local rules of this court.

Dated: June 15, 2005            /s/ James Ware
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Barton L. Jacka jacka@shlaw.com
David R. Eberhart deberhart@omm.com
Donald G. Rez rez@shlaw.com
George A. Riley griley@omm.com
John R. Heisner heisner@shlaw.com

Dated: June 15, 2005                              Richard W. Wieking, Clerk

                                                                          By: **/jwchambers/**
                                                                               **Ronald L. Davis**
                                                                               **Courtroom Deputy**